IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KINETIC CONCEPTS, INC., and KCI USA, INC., <br><br>*Plaintiffs*, <br><br>v. <br><br>WAKE FOREST UNIVERSITY HEALTH SCIENCES, <br><br>*Defendant*. <br>_____ <br><br>WAKE FOREST UNIVERSITY and WAKE FOREST UNIVERSITY HEALTH SCIENCES, <br><br>*Plaintiffs*, <br><br>v. <br><br>KINETIC CONCEPTS, INC., KCI USA, INC., KCI LICENSING, INC., KCI MEDICAL RESOURCES, MEDICAL HOLDINGS LIMITED, and KCI MANUFACTURING, <br><br>*Defendants*. | **Consolidated Civil Action Nos.** <br>SA-11-CV-163-XR and SA-11-CV-713-XR |

**ORDER**

On this date, the Court considered KCI's motion for a protective order.  Doc. No. 165.

After careful consideration, the motion is DENIED.

## DISCUSSION

On February 17, 2014, WFU sought production of emails belonging to KCI's current CEO, Mr. Joe Woody. *See* Doc. No. 165, Ex. 4. KCI timely objected and now seeks a protective order barring WFU from obtaining Mr. Woody's emails during discovery. Doc. No. 165. KCI also seeks to prevent WFU from taking Mr. Woody's deposition. *Id.*

The Federal Rules provide that a court must limit discovery when:

(i) The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) The party seeking discovery has had ample opportunity to obtain the information in discovery in the action; or
(iii) The burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

In addition, Rule 26(c) grants this Court the authority to grant protective orders for good cause. FED. R. CIV. P. 26(c); *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)). The moving party carries the burden of establishing a need for the protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ferko*, 218 F.R.D. at 133 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

KCI's primary argument is that discovery of Mr. Woody's emails is "unreasonably cumulative and duplicative," and should thus be barred under Rule 26(b)(2)(C)(i). Doc. No. 165 at 7. KCI is essentially arguing that Mr. Woody has no relevant discoverable information

that WFU has not obtained from other email custodians. In support, KCI makes much of the fact that Mr. Woody only joined KCI in November 2011, after this lawsuit was filed. *Id.* Patent infringement is an ongoing tort and so the fact that Mr. Woody joined KCI after this suit was filed does not preclude him from possessing relevant information pertaining to damages.

Should WFU find itself entitled to damages in this case, evidence relating to how KCI valued the invention will be relevant to calculating reasonable royalties. Although the royalty rate used in the Licensing Agreement between the parties may be informative, WFU is entitled to argue for damages based upon the value KCI derived from any infringement. As CEO, Mr. Woody potentially has relevant information on how the VAC products play into KCI's overall business plan. KCI argues that any such information is cumulative because WFU has already collected KCI's sales data. Doc. No. 165 at 11. However, sales data and high-level strategic planning are not the same; sales spreadsheets do not depict how a product fits into a company's strategic plan for growth.

KCI contends that the discovery is duplicative because WFU can get whatever relevant information Mr. Woody may have from other custodians. *Id.* at 12. It is reasonable for WFU to believe that, as CEO, Mr. Woody might have unique documents that are not in the possession of other custodians. Specifically, Mr. Woody could potentially have communications with Apax and KCI's Board of Directors that would not have been shared with lower-level employees.[1] As result, KCI has not met its burden of showing good cause to prohibit discovery of Mr. Woody's emails as cumulative or duplicative under Rule

---

[1] This is especially true given the fact that Mr. Woody took over as CEO shortly after Apax acquired KCI whereas KCI's other high-level email custodians all departed shortly thereafter.

26(b)(2)(C)(i). In addition, because Mr. Woody has potentially relevant information that WFU might not be able to obtain from other custodians, KCI has not met its burden of showing that the requested discovery is improper under Rule 26(b)(2)(C)(ii).

Finally, KCI argues that the burden of the proposed discovery outweighs its likely benefit and should therefore be barred under Rule 26(b)(2)(C)(iii). Doc. No. 165 at 12. WFU points out in response that the parties agreed to permit discovery from 16 email custodians per side. Doc. No. 64 at 6-7. Mr. Woody is the 16th custodian from who WFU seeks email discovery. KCI cannot agree to 16 custodians and then assert that that number is unreasonably burdensome. Instead, KCI must fall back on the position that, because Mr. Woody is its CEO, producing *his* emails is unduly burdensome by virtue of his role. Unlike as with appearing for a deposition, producing Mr. Woody's emails will not involve his own time and will therefore not impose a personal burden on Mr. Woody.[2] Thus, Mr. Woody's high-level role at KCI does not make discovery of his emails any more or less burdensome than producing emails of other executives, which KCI has already done. Finally, KCI argues that Mr. Woody has sent or received over 125,000 emails since he has been at KCI. KCI does not, however, explain how that number is so much greater than any other email custodian such that production of Mr. Woody's email would be unduly burdensome.

Although WFU has noticed Mr. Woody's deposition, it has represented to the Court that it is not certain that such a deposition would be needed. Doc. No. 169 at 2-3. WFU asserts that it will decide whether to pursue a deposition after reviewing Mr. Woody's emails, and proposes that the Court defer ruling on KCI's motion for a protective order until such a

---

[2] KCI argues that the apex doctrine should shield Mr. Woody from email discovery. Doc. No. 165 at 13. However, as WFU points out, the apex doctrine typically only shields corporate officers from depositions and not from document discovery. Cf. *Celerity, Inc., v. Ultra Clean Holding, Inc*., No. 05-4374 MMC(JL), 2007 WL 205067 (N.D. Cal., Jan. 25, 2007). .

4

decision is made. *Id.* At this time, KCI's motion for a protective order preventing such a deposition does not appear to be ripe for adjudication. However, should WFU seek to schedule a deposition with Mr. Woody, KCI may seek a protective order if it believes itself so entitled.

## CONCLUSION

In light of the foregoing analysis, KCI's motion for a protective order is DENIED. Doc. No. 165.

SIGNED this 5th day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE