IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KINETIC CONCEPTS, INC., and KCI USA, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> WAKE FOREST UNIVERSITY HEALTH SCIENCES, <br><br> *Defendant*. <br> _____ <br><br> WAKE FOREST UNIVERSITY and WAKE FOREST UNIVERSITY HEALTH SCIENCES, <br><br> *Plaintiffs*, <br><br> v. <br><br> KINETIC CONCEPTS, INC., KCI USA, INC., KCI LICENSING, INC., KCI MEDICAL RESOURCES, MEDICAL HOLDINGS LIMITED, and KCI MANUFACTURING, <br><br> *Defendants*. | **Consolidated Civil Action Nos.** <br> SA-11-CV-163-XR and SA-11-CV-713-XR |

**ORDER**

On this date, the Court considered Plaintiff and Counterclaim Defendant Kinetic Concepts Inc.'s ("KCI") motion to exclude the testimony of Dr. Dennis Orgill. Doc. No. 182. After careful consideration, that motion is DENIED.

1

## DISCUSSION

KCI seeks to exclude the testimony of Dr. Dennis Orgill, Wake Forest University's ("Wake") proffered expert on the validity of the patents in suit. Doc. No. 182. Dr. Orgill has previously been retained by both KCI and Wake as an expert witness in prior litigation involving these patents. Dr. Orgill has not prepared an expert report specifically for this case. KCI contends that his testimony must therefore be excluded because Wake has failed to produce an expert report prepared *for this case* as KCI asserts is required under FED. R. CIV. P. 26. *See id.*

Rule 26(a)(2) requires a party to disclose the identity of an expert and to provide a written report. FED. R. CIV. P. 26(a)(2); *Bro-Tech Corp., v. Purity Water Co. of San Antonio, Inc.*, No. 08-CV-0594, 2009 WL 1748539 at *7 (W.D. Tex. June 19, 2009). On April 25, 2014, Wake timely disclosed Dr. Orgill as a testifying expert, noting that he would testify "based on the written reports and sworn testimony provided in the prior cases involving the patents in suit." Doc. No. 182, Ex. 1. It is undisputed that KCI is in physical possession of these fourteen reports.

The Federal Rules provide express requirements for what must be included in an expert's report:

> (i) A complete statement of all opinions will express and the basis and reasons for them;
> (ii) The facts or data considered by the witness in forming them;
> (iii) The witness' qualifications, including a list of all publications authored in the previous 10 years;
> (iv) A list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition; and
> (v) A statement of the compensation to be paid for the study and testimony in this case.

FED. R. CIV. P. 26(a)(2)(B).  The Advisory Committee notes further provide that experts "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." FED. R. CIV. P. 26 Advisory Committee Notes 1993.  As the parties agree, the rule itself is silent on whether an expert must prepare a report specifically for the case in which he or she is testifying, or if it is acceptable for the expert to testify based on prior reports.

Absent a compelling reason to do so, the Court is unwilling to read a requirement into Rule 26 that does not appear on the face of the rule.  Moreover, KCI has not identified case law reading Rule 26 to impose the requirement that a testifying expert produce a report especially for the case in which he or she is testifying.  Although this issue does not arise frequently inasmuch as expert reports from previous cases are typically not relevant to subsequent litigation, one court in this circuit recently rejected in dicta the argument that a new expert report is required in each case.  *See Davidson v. Georgia Pac., LLC*, 12-CV-1463, 2014 WL 36621 (W.D. La. Jan. 6, 2014).

The purpose of expert testimony is to assist the trier of fact.  *See* FED. R. EVID. 702. If an expert can reliably do so by offering testimony based upon a report prepared for an earlier case, and that information has been disclosed to the opposing party so that it can prepare for trial, then there is no reason to exclude such testimony.  Here, Dr. Orgill can opine on whether the patented technologies would have been obvious to a person of ordinary skill in the art when they were patented in the 1990s.  As long as his underlying methodology was sound, there is no reason why a report produced several years ago could not be helpful to a jury sitting in this case, given the specific nature of the obviousness inquiry.

KCI concedes that the basic purpose of the Rule 26 expert disclosure requirements is to prevent unfair surprise. Doc. No. 182 at *4-5 (citing *Cook v. Rockwell Int'l Corp.*, 580 F.Supp. 2d 1071, 1122 (D. Colo. 2006)); *see also Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994). In this case, KCI does not claim to be unfairly surprised by Wake's intention to use Dr. Orgill's testimony because Wake has consistently disclosed him as a potential witness. Perhaps more importantly, KCI is aware of the content of Dr. Orgill's reports such that it can prepare for trial. KCI has been in physical possession of these reports since they were generated when Dr. Orgill was retained to testify on behalf of KCI and Wake as co-parties.[1] Consequently, it would not advance the purpose of Rule 26 to prohibit Dr. Orgill from testifying based upon his previous expert reports.

Even assuming, for the sake of argument only, that Rule 26 did require that Dr. Orgill produce a new expert report in this case, the Court would be within its discretion to permit Dr. Orgill to testify notwithstanding any such technical failure. *See* FED. R. CIV. P. 37(c)(1) (providing that information or witnesses who do not meet disclosure requirements must be excluded *unless* failure was harmless) (emphasis added); *see also Barrett v. Atl. Richfield, Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (granting district courts broad discretion in determining harmless error). Here, any putative error on Wake's part in not procuring a new expert report is harmless inasmuch as KCI has been fully aware of Dr. Orgill's opinions and methodology for sufficient time to allow it to prepare for trial.

Accordingly, Dr. Orgill may testify based upon his prior reports. As a final matter, it appears from the correspondence between the parties that Dr. Orgill has not yet been deposed

---

[1] KCI contends that Dr. Orgill's prior reports are deficient because they do not disclose the amount of compensation he is receiving for testimony in this case. Wake responds that this information is irrelevant because Dr. Orgill has not been compensated by Wake in this case. Doc. No. 208.

in this case. KCI is granted leave to take Dr. Orgill's deposition outside of the time provided to do so by this Court's scheduling order.

## CONCLUSION:

In light of the foregoing analysis, the motion to exclude Dr. Orgill's testimony is DENIED. Doc. No. 182.

SIGNED this 18th day of June, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE